IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

STANLEY O. BELL                                               PLAINTIFFS
700 Copelin Valley Road
Upton, Kentucky 42784

AND

VIRGINIA M. BELL
700 Copelin Valley Road
Upton, Kentucky 42784


                                    Case No.  3:18-cv-303-RGJ

                                    Judge  Rebecca G. Jennings



v.


BELL, HESS & VAN ZANT, PLC                                    DEFENDANTS
2819 Ring Road, Ste. 101
Elizabethtown, Kentucky 42702

          SERVE:      Jason B. Bell
                      2819 Ring Road, Ste. 101
                      Elizabethtown, Kentucky 42702
                      (BY CERTIFIED MAIL)

AND

MAGNOLIA BANK, INC.
794 Old Elizabethtown Road
P.O. Box 188
Hodgenville, Kentucky 42748

SERVE:      Scott T. Conway
794 Old Elizabethtown Road
P.O. Box 188
Hodgenville, Kentucky 42748
(BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Come the Plaintiffs, Stanley O. Bell and Virginia M. Bell, and for their Verified Complaint against the Defendants, Bell, Hess & Van Zant, PLC ("BHV") and Magnolia Bank, Inc. ("Magnolia"), state as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages against Defendant, BHV for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), which, among other things, prohibits debt collectors like BHV from making false representations concerning the character, amount or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. In addition, Plaintiffs assert claims against BHV and Magnolia under Kentucky law for defamation, negligence, and abuse of process.

## II. PARTIES

2.      Plaintiff, Stanley O. Bell, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 700 Copelin Valley Road, Upton, Kentucky 42784. Mr. Bell is the spouse of Plaintiff, Virginia M. Bell.

3.      Plaintiff, Virginia M. Bell, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 700 Copelin Valley Road, Upton, Kentucky 42784. Mrs. Bell is the spouse of Plaintiff, Stanley M. Bell.

4.      Plaintiffs are "consumers" as that term is defined by the FDCPA.

5.    Defendant, BHV, is a Kentucky professional limited liability company engaged in the business of collecting debt in the Commonwealth of Kentucky with its principal place of business located at 2819 Ring Road, Suite 101, Elizabethtown, Kentucky 42702. Upon information and belief, one of the principal business purposes of BHV is the collection of consumer debts. BHV regularly attempts to collect debts in the Commonwealth of Kentucky.

6.    BHV is engaged in the collection of debts from consumers using the mail and telephone. BHV regularly attempts to collect consumer debts alleged to be due to another. As such, BHV is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7.    Defendant, Magnolia, is a Kentucky corporation with its principal place of business located at 794 Old Elizabethtown Road, P.O. Box 188, Hodgenville, Kentucky 42748. Upon information and belief, Magnolia retained BHV as Magnolia's agent to collect a consumer debt from Plaintiffs.

### III.  JURISDICTION

8.    This Court has jurisdiction over this action: (1) pursuant to the FDCPA, 15 U.S.C. §1692k(d); (2) pursuant to 28 U.S.C. §1337; (3) pursuant to 28 U.S.C. §2201 and §2202; and (3) because the transactions and occurrences giving rise to this action occurred in Hart County, Kentucky as a result of the Defendants' doing business in Hart County, Kentucky.

### IV.  FACTUAL BACKGROUND

9.    In or around April 2011, Plaintiffs entered into a Promissory Note and Mortgage with Magnolia ("the Note and Mortgage") respecting property located at 700 Copelin Valley Road in Upton, Kentucky.

10.    On February 11, 2016, Magnolia, represented by BHV, filed a foreclosure action against Plaintiffs in Hart Circuit Court styled *Magnolia Bank v. Bell et al.*, Case No. 16-CI-0030

("the Hart County action").  In its Complaint, Magnolia asserted entitlement to $16,754.54, purportedly the unpaid balance of the Note and Mortgage, plus interest from December 18, 2015.

11.    On or about April 4, 2016, Magnolia and BHV filed a Motion for Default Judgment against Plaintiffs in the Hart County action.  Magnolia and BHV secured a Judgment and Order of Sale of the subject property on April 19, 2016.

12.    The subject property was sold at the Master Commissioner's sale on or about June 10, 2016 for a purchase price of $18,000.00.  In correspondence to Plaintiffs' counsel dated April 3, 2018, BHV acknowledged a deficiency of $4,356.06 ("the deficiency") on the sale of the property.

13.    In February 2018, BHV, on behalf of Magnolia, and despite the amount of the deficiency, issued Wage and Non-Wage Orders of Garnishment to Plaintiffs' bank and Plaintiffs' employers alleging entitlement to $17,398.56.  Specifically, BHV and Magnolia issued Non-Wage Orders of Garnishment for each of Plaintiffs' bank accounts to West Point Bank in Elizabethtown, and issued Wage Garnishment Orders to Mr. Bell's employer, the Kentucky Treasury Department, and to Mrs. Bell's employer, Pilot Flying J.  Each of BHV's and Magnolia's Garnishment Orders alleged entitlement to $17,398.56 in connection with the default judgment in the Hart County action.

14.    In response to BHV's and Magnolia's Garnishment Orders, West Point Bank, as garnishee, forwarded BHV and Magnolia $17,398.56, the amount stated in the Non-Wage Garnishment Orders.  In addition, the Kentucky Treasury Department forwarded $538.41 and Pilot Flying J forwarded $578.97 to BHV and Magnolia in response to the Wage Garnishment Orders.

15.    At no time subsequent to the sale of the property in June 2016 did Plaintiffs owe BHV and Magnolia $17,398.56, the amount stated on BHV's and Magnolia's Wage and Non-

Wage Garnishment Orders.

16.     BHV's and Magnolia's wrongful and illegal garnishments and their defamation of Plaintiffs have caused and continue to cause Plaintiffs to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Violation of the FDCPA - BHV

17.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18.     As hereinabove stated, BHV violated the FDCPA. BHV's violations of the FCDPA include, but are not limited to, violations of 15 U.S.C. §1692e(2)(A) and §1692f(1) which respectively prohibit a debt collector's false representation concerning the character, amount or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19.     As a result of the foregoing violations of the FDCPA, BHV and Magnolia are liable to Plaintiff for declaratory judgment that their conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

### Defamation – BHV and Magnolia

20.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.     BHV and Magnolia, with knowledge of the falsity of their statements, have published statements to others, including, but not limited to the Kentucky Treasury Department, Pilot Flying J, and other currently unknown individuals and/or entities who have knowledge of BHV's and Magnolia's Garnishment Orders, that Plaintiffs owed over $17,000 to BHV and

Magnolia in connection with the Note and Mortgage and the foreclosure of the subject property.

22.     BHV's and Magnolia's publication of false statements regarding the amount of Plaintiffs' alleged indebtedness amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

### Negligence – BHV and Magnolia

23.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     BHV's and Magnolia's wrongful garnishments of Plaintiffs' bank accounts and wages were negligent under applicable law. In wrongfully garnishing Plaintiffs' funds, BHV and Magnolia breached their duties to Plaintiffs to comply with Kentucky law respecting garnishments.

25.     BHV's and Magnolia's negligence has caused and continues to cause damage to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

26.     BHV's and Magnolia's negligence in wrongfully garnishing Plaintiffs' bank accounts and wages were willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Abuse of Process – BHV and Magnolia

27.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     BHV's and Magnolia's wrongful garnishments of Plaintiffs' bank accounts and wages were willful acts in the use of legal process not proper in the regular conduct of the proceedings in the Hart County action.

29.     BHV's and Magnolia's abuse of process entitles Plaintiffs to compensatory, consequential, and punitive damages therefor.

WHEREFORE, Plaintiffs, Stanley O. Bell and Virginia M. Bell, respectfully demand the following:

1.     Trial by jury on all issues so triable;

2.     Entry of a declaratory judgment that Defendants' conduct violated the FDCPA;

3.     Actual damages;

4.     Statutory damages pursuant to 15 U.S.C. §1692k;

5.     Compensatory, consequential, and punitive damages;

3.     Their attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/Gary S. Logsdon*
Gary S. Logsdon
GARY S. LOGSDON & ASSOCIATES
101 Main Cross St.
P.O. Box 382
Brownsville, KY 42210
Phone (270) 597-2134
Fax (270) 968-1465
gary@garylogsdonlaw.com
*Counsel for Plaintiffs*


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Ste. 100-C
Louisville, KY  40243
Phone (502) 443-1060
Fax (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiffs*

## VERIFICATION

I, Stanley O. Bell, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Stanley O. Bell

COMMONWEALTH OF KENTUCKY     )
                             ) SS
COUNTY OF ~~HART~~ EDMONSON  )

Subscribed, sworn to and acknowledged before me by Stanley O. Bell this 12 day of

May_____, 2018.

_____
Notary Public

Commission expires: August 25, 2020_____

## VERIFICATION

I, Virginia M. Bell, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Virginia M. Bell_
Virginia M. Bell

COMMONWEALTH OF KENTUCKY   )
                                 ) SS
COUNTY OF HART               )

Subscribed, sworn to and acknowledged before me by Virginia M. Bell this 11 day of May, 2018.

_Notary signature_
Notary Public

Commission expires: August 25, 2020